**DAVID M. MICHAEL, SBN 74031**
Law Offices of David M. Michael
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone:   (415) 946-8996
Facsimile:   (877) 538-6220
E-mail:      dmmp5@aol.com

**DIANA T. FRAPPIER, SBN 184048**
344  40th Street
Oakland, CA 94609
Telephone:   (510) 428-3939
Facsimile:   (415) 233-4477
E-mail:      esqdiana@comcast.net

**Attorneys for Claimant**
**USTANO K. McVEY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $52,000 IN UNITED STATES CURRENCY, and<br><br>APPROXIMATELY $39,000 IN UNITED STATES CURRENCY,<br><br>Defendant.<br>_____/<br>USTANO K, McVEY,<br><br>Claimant.<br>_____/. | No. C 07 5459 MEJ<br><br>**ANSWER OF CLAIMANT TO VERIFIED COMPLAINT FOR FORFEITURE;**<br>**DEMAND FOR TRIAL BY JURY** |

Claimant, USTANO K, McVEY, hereby answers the allegations in the Government's Complaint for Forfeiture as follows:

1.     In response to the allegations contained in paragraph  2, 3, 4, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 23, 24,  of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

2.       In response to the allegations contained in paragraph 26, and 29 of the Complaint, claimant denies each and every allegation contained therein.

3.       In response to the allegations contained in paragraph 1 of the Complaint, claimant admits that this is a judicial forfeiture action and that defendant Approximately $39,000 in United States Currency was seized.  In response to the remaining allegations contained in paragraph 1 of the Complaint, claimant denies each and every allegation contained therein.

4.       In response to the allegations contained in paragraph 5, 6, and 28 of the Complaint, claimant admits the allegations contained therein

5.       In response to the allegations contained in paragraph 11 of the Complaint, claimant admits that he deplaned Delta Airlines flight #69.  In regards to the remaining allegations contained in paragraph 11 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

6.       In response to the allegations contained in paragraph 18 of the Complaint, claimant admits that he was detained and questioned by law enforcement agents.  In regards to the remaining allegations contained in paragraph 18 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

7.       In response to the allegations contained in paragraph 19 of the Complaint, claimant admits that law enforcement agents continued to detain and question him.  In regards to the remaining allegations contained in paragraph 19 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

8.       In response to the allegations contained in paragraph 20 of the Complaint, claimant admits that law enforcement agents continued to detain and question him and demanded to search his luggage.  In regards to the remaining allegations contained in paragraph 20 of the Complaint,

claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein. .

9. In response to the allegations contained in paragraph 21 of the Complaint, claimant admits that law enforcement agents searched his luggage. In response to the remaining allegations contained in paragraph 21 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

10. In response to the allegations contained in paragraph 22 of the Complaint, claimant admits that law enforcement agents seized claimant's currency. In response to the remaining allegations contained in paragraph 22 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

11. In response to the allegations contained in paragraph 25 of the Complaint, claimant admits that he was given notice of the seizure of the seized currency and that he filed an administrative claim regarding that currency. In response to the remaining allegations contained in paragraph 25 of the Complaint, claimant lacks sufficient information to form a belief as to the the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein

12. In response to the allegations contained in paragraph 27 of the complaint, claimant incorporates by reference his responses to the allegations in paragraphs 1 through 26 as though fully set forth.

In addition, claimant raises the following numbered defenses to the government's forfeiture complaint:

FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint on file herein, claimant alleges that said Complaint does not state facts sufficient to state a claim for forfeiture of defendant property

against claimant.

## SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that plaintiff lacked any probable cause for either the institution of this forfeiture suit, the seizure of claimant's property, or the forfeiture of defendant property.

## THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the detention of claimant was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all of the evidence seized and the fruits thereof must be suppressed.

## FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the search of his property was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all the evidence seized, and the fruits thereof, must be suppressed.

## FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure of the funds here, was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all the evidence seized, and the fruits thereof, must be suppressed.

## SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that, pursuant to 21 USC § 881(a)(6), he has an innocent ownership interest in the defendant property such that any act or omission which would have subjected said property to forfeiture, was committed or omitted without claimant's knowledge or consent.

## SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that 21 U.S.C. § 881 and 18 U.S.C. § 981, and/or their various subsection, are unconstitutional and unenforceable, in that they constitutes a denial of claimant's due process and equal protection rights under the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that this court lacks jurisdiction over the subject matter of plaintiff's complaint.

### NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that this court lack jurisdiction over the defendant property.

### TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that it would result in the taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to a cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would

amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property is in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that claimants were denied notice and opportunity to be heard prior to the seizure of defendant property or the initiation of this forfeiture action, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the arrest, or other restraint, of the property claimed to be subject to forfeiture was made in violation of the Fourth Amendment to the Constitution and the Right to Financial Privacy Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the arrest, other restraint, of the property claimed to be subject to forfeiture was made in violation of Article I, Section 1 and Section 8, Clause 18, of the United States Constitution, being founded upon an unlawful delegation of legislative power.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant

alleges that said Complaint is barred by the applicable statute of limitations.

PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY HIS CLAIM AND ANSWER.

WHEREFORE, claimant USTANO K, McVEY, prays that this Court will:

1. Dismiss plaintiff's Complaint and enter a judgment on behalf of claimant.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that claimant has an innocent ownership interest in the defendant property

4. Order that all statements made by claimant be suppressed as evidence in this case.

5. Order that all of defendant property be released and surrendered to claimant forthwith.

6. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to claimant.

7. Provide such other and further relief as this court deems proper and just.

DATED: 30 January 2008

Respectfully submitted,

S/DAVID M. MICHAEL
DAVID M. MICHAEL
Attorney for Claimant
USTANO K, McVEY

## CERTIFICATE OF ELECTRONIC FILING

The undersigned hereby certifies that, on 30 January 2008, he caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Susan B. Gray CSB 100374
Office of the U.S. Attorney
450 Golden Gate Avenue
San Francisco CA 94102

Susan.B.Gray@usdoj.gov

                                      S/DAVID M. MICHAEL
                                      DAVID M. MICHAEL