JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile:  415.436.6748
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>1. APPROXIMATELY $52,000 IN UNITED STATES CURRENCY, AND<br><br>2. APPROXIMATELY $39,000 IN UNITED STATES CURRENCY,<br><br>    Defendants. | No. C 07-5459 MEJ<br><br>STATEMENT OF DAVID COUNTRYMAN RE: FAILURE TO MEET AND CONFER |

I, David B. Countryman, declare as follows:

1. I am an Assistant United States Attorney, and I represent the plaintiff in this action. I make this declaration in support of plaintiff's request for a telephonic conference.

2. On May 13, 2008, I served Claimant with interrogatories, which were due on June 16, 2008.

3. On June 16, 2008, David Michael, an attorney for claimant Ustano McVey, requested an extension until June 26, 2008, which I agreed to.

4. No responses were received on June 26, 2008, but since I did not receive any calls, e-mails, or letters from Mr. Michael, I assumed that his responses were in the mail.

5. On June 27, 2008, I checked the fax machine and saw a fax from Mr. Michael requesting an additional extension of time. The fax had been sent on June 26, 2008, at 7:38 p.m., after I had left work.

6. Later that day, I received a call from Edward Burch, an attorney for claimant. Mr. Burch said that he had only read my interrogatories the day before, and he had not had the chance to draft a response. Mr. Burch asked me if I would agree that he had not waived his objections, I told him that I wanted to know what his objections were first. Although Mr. Burch said he would prefer not to talk about objections until after he filed his responses, I insisted that we talk about anything that was confusing, so we could avoid any misunderstandings. I asked Mr. Burch what, if any, objections he was concerned about having waived. He mentioned Interrogatory No. 2, which asked for people with knowledge of facts given in response to Interrogatory No. 2. I admitted that this was a typo, and told Mr. Burch that the interrogatory was intended to read: "Identify each and every person who has knowledge of the facts stated in response to Interrogatory No. 1." When I asked if there were any other objections, Mr. Burch stated that he thought Interrogatory No. 2 was also overbroad. I told Mr. Burch that I understood his concern, and I was basically looking for three or four people who could verify Mr. McVey's employment. Mr. Burch stated that he might have other objections, and he would talk to Mr. Michael.

7. On June 3, 2008, Mr. Burch sent me a response which objected to every interrogatory on Fourth and Fifth Amendment grounds, failed to respond to six of the sixteen interrogatories, provided a non-responsive answer to one interrogatory, and provided partial responses to two others. In particular, Mr. Burch objected to Interrogatory No. 2 as "ambiguous, confusing, and unintelligible" and "overbroad, burdensome and oppressive."

8. On July 7, 2008, I talked with Mr. Burch again. I again asked him why, in light of our previous conversation, he thought Interrogatory No. 2 was ambiguous, but he would not tell me. I reminded him that we had talked about overbreadth, and I asked him why he thought my interrogatories were overbroad, but he would not tell me. I then asked why he objected to every interrogatory as seeking information in violation of claimant's Fifth Amendment right against self-incrimination. When he said it was because I was accusing his client of being a drug dealer,

1  I explained that the interrogatories pertained to Mr. McVey's employment and sources of
2  income. As such, to the extent that Mr. McVey has legal employment, he must provide
3  responsive answers about any legal employment. I told Mr. Burch that, even if he had not
4  already waived his objections, he could not categorically refuse to provide information as to his
5  client's legal income just because his client may also receive some illegal income. Mr. Burch
6  disagreed, but would not explain why, and he said that he would talk to Mr. Michael

   9.   On July 10, 2008, I sent Mr. Michael and Mr. Burch a letter memorializing our conversations, reiterating my position as to the objections, and requesting that he provide responsive answers. I did not receive a response.

   10.  On July 14, 2008, I sent Mr. Michael and Mr. Burch a letter requesting an in person meet and confer in order to resolve our discovery dispute.

   11.  On July 17, 2008, Mr. Michael filed a Motion to Suppress and a declaration of claimant in support thereof. Mr. McVey's declaration contained information that was requested in the interrogatories, but not provided due to a Fifth Amendment objection.

   12.  On July 18, 2008, Mr. Michael sent me a letter confirming our meet and confer.

   13.  On July 23, 2008, Mr. Michael did not arrive, but Mr. Burch did. However, Mr. Burch did not want to discuss his responses to the Interrogatories.

   14.  I asked why he objected to every interrogatory on Fifth Amendment grounds, and he said "that's just how the Fifth Amendment works." I told Mr. Burch that he could not use the Fifth Amendment as a sword and a shield, and even if he had not already waived his objections, he could not categorically refuse to provide information as to his client's legal income. Mr. Burch said that he disagreed and "we won't detail his financial history."

   15.  When I asked Mr. Burch why he wouldn't list people in response to Interrogatory No. 2, which asked for people who knew of his employment, Mr Burch said "I'm not going to tell you the reasons he won't."

   16.  When I asked him why he wouldn't answer Interrogatory No. 14, which asked for potential clients he was flying to Atlanta to meet, Mr. Burch said: "we don't necessarily want to name everybody he's signed as an artist or wanted to sign on the trip." When I noted that he

Declaration of Countryman Re: Failure to Meet and Confer
No. 07-5459 MEJ                            3

provided information about that issue in paragraph five of Mr. McVey's declaration in support of his Motion to Suppress, and I asked him why, Mr. Burch said "because it is relevant to the motion to suppress."

16. When I asked him why he was refusing to discuss his interrogatory responses, Mr. Burch said he wouldn't explain until I was willing to accept his interrogatory responses.

18. I then asked him why he thought his objections had not been waived when he filed his objections late. He responded "there's case law." I asked him what cases he thought supported his position, he asked if I meant case names and citations, and I said "yes." He said he didn't know them right then.

19. I presented Mr. Burch a draft joint letter regarding outstanding issues, which claimant's counsel has refused to sign. The parties have been unable to agree upon the wording of a joint letter.

20. Later that day, I talked to Mr. Burch. I told him that Civil Local Rule 2(n) defines to "meet and confer" as "to communicate directly and discuss in good faith the issue(s)." I said I did not think that we had met and conferred, and he said we had. I told him that my letter of July 14, 2008, requested to meet and confer "regarding your responses to Plaintiff's First Set of Interrogatories." I then asked him "did we confer about your responses to the interrogatories?" He said "No." I asked him "So, meeting is good enough, we don't have to confer?" He said "Yes." He then said that while we had not conferred about my issue, we had conferred about the dispute. Because claimant's counsel would not discuss their responses to the interrogatories, I do not believe that a good faith discussion occurred.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 25, 2008

DAVID B. COUNTRYMAN
Assistant United States Attorney