DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
LAW OFFICES OF DAVID M. MICHAEL
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone:   (415) 946-8996
Facsimile:    (877) 538-6220
E-mail:        dmmp5@aol.com

DIANA T. FRAPPIER, CSBN 184048
344 40th Street
Oakland, CA 94609
Telephone:   (510) 428-3939
Facsimile:    (415) 233-4477
E-mail:        esqdiana@comcast.net

Attorneys for Claimant
USTANO K. McVEY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>APPROXIMATELY $52,000.00<br>IN UNITED STATES CURRENCY, and<br><br>APPROXIMATELY $39,000.00<br>IN UNITED STATES CURRENCY,<br><br>        Defendant.<br>_____/<br>USTANO K. McVEY,<br><br>        Claimant.<br>_____/ | **No. C 07 5459 MEJ**<br><br>**DECLARATION OF DAVID MICHAEL RE STATUS CONFERENCE ON MEET AND CONFER**<br><br>Date: 31 July 2008<br>Time: 10:00 A.M.<br><br>Courtroom B, 15th Floor |

   I, David M. Michael, declare as follows:

-1-

1. I am an attorney at law and have been so since 1977. I am duly licensed to practice before this court. I am also duly licensed to practice, and have practiced, before the courts of the state of California, a number of district and circuit courts throughout the United States and the United States Supreme Court, in front of which I have appeared on two occasions. **Exhibit A**, List of Federal and State courts admitted to practice before.

2. During all the years of my practice, I have never been subject to any disciplinary proceedings of any kind before any court, state of federal. During all the years of my practice, I have developed an honest and straightforward working relationship with all Assistant US Attorneys, Department of Justice attorneys, Deputy District Attorneys, and any other attorney with which I have dealt with in any litigation.

3. During the pendency of this litigation, the government has been represented successively by AUSA Patricia Kenney, AUSA Susan Gray, and, from 21 April 2008, AUSA David Countryman.

4. At the time that this case was reassigned to AUSA David Countryman, I became suspicious, for reasons that I will not mention here, that AUSA Countryman would not honestly represent any oral communications that I would have with him regarding this litigation. As a consequence of that serious concern, I have refused, in my client's best interest, to have any oral communications with AUSA Countryman, unless so required by the Court, and will only communicate with him in writing. AUSA Countryman was so advised of this determination.

5. AUSA Countryman also represents the government in another case in which I represent the Claimant, *United States v. $104,994.00 in U.S. Cuurency (Claimant Todd Dunphy),* District Court Case No. CV 08 2331 JL (ND Cal.). In that case, I also advised AUSA

Countryman in writing that I would not have any oral communications with him.  **Exhibit B**, letter of 18 June 2008.

6. With great respect for officers of the court, I have never during the 30 years of my practice before these federal courts, found it necessary to refuse to have oral communications with an attorney representing the government, or any other attorney in any situation, for that matter.

7. On 1 April 2008, AUSA Susan Gray requested and received from me an extension of time to respond to Claimant's discovery requests.  **Exhibit C**, letter of 1 April 2008.

8. On 15 April 2008, AUSA Susan Gray requested and received from me a second extension of time to respond to Claimant's discovery requests.  **Exhibit D**, letter of 15 April 2008.

9. At no time in my years of practice have I ever refused a request by opposing counsel, especially counsel for the United States government, for an extension of time to complete any task, when there was no prejudice to my client.  Furthermore, at no time in my years of practice has any government attorney, or any other attorney for that matter, ever refused a request by my office for an extension of time in similar circumstances.  In all my discussions with numerous attorneys, both for the government and in private practice, I have never found one who has ever refused such a request for an extension of time in similar circumstances.

10. On 16 June 2008, I requested and received a 10-day extension of time to respond to the government's discovery requests.  **Exhibit E**, letter of 16 June 2008.

11. 0n 26 June 2008, I had been preparing for an overseas business trip that evening and was unable to complete Claimant's discovery responses that day.  At the end of the day, realizing that I would be unable to complete the responses before I left,  I requested in writing an

additional 1-week extension of time from AUSA Countryman for the completion of those responses. **Exhibit F**, letter of 26 June 2008.

12.  On 27 June 2008, and continually thereafter, AUSA Countryman has refused, and continues to refuse, to agree to the extension of time requested and has claimed, since that date, that all requests for admissions proffered by the government are now admitted and that any and all objections to interrogatories and requests for admissions are waived.

13.  On 3 July 2008, my office completed and served Claimant's responses to the government's request for admissions and interrogatories, raising, where appropriate, objections and denials to said requests.

14.  On 15 July 2008 and 21 July 2008, I sent three letters to AUSA Countryman, asking that he agree to the previously requested short extension of time for our discovery responses. **Exhibit G**, letters of 21 July 2008.

15.  Edward Burch is my associate attorney in this case and is one of the named attorneys on the pleadings.  Following AUSA Countryman's refusal to agree to the extension of time requested, attorney Burch, in late June of 2008, completed his research into the issues raised by AUSA Countryman's refusal.  AUSA Countryman's representation that Mr. Burch, at a meet and confer session, was unaware of the law that existed regarding waivers and relief from waivers is totally and completely false and an insult to the intelligence and integrity of attorney Burch and my office.  Furthermore, that false representation by AUSA Countryman is the exact reason why I have demanded that all communications with him be in writing.

16.  Mr. Burch's research was extensive and included the following:

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . ."

*See Burlington Northern and Santa Fe Railway Co. v. District Court, 408 F.3d* 1142, 1148-9 (9th Cir. 2005) (citing to Rule 26(f) advisory committee's note (1983 Amendment)).

In *Burlington*, *supra*, the 9th Circuit Court of Appeals expressly rejected and refused to adopt a "*per se* waiver rule that deems a privilege waived if a privilege log is not produced within *Rule 34*'s [request for production of documents] 30-day time limit. Instead, using the 30-day period as a default guideline, a district court should make a case-by-case determination ... " and such determinations should take into account a myriad of factors. See *id*. at 1149

This "no per se rule" holds true with regard to Rule 33 interrogatories also. See *Fifty-six Hope Road Music v. Mayah Collections, 2007 U.S. Dist. LEXIS 43012 (D.Nev. 2007)* where the court lumped together rule 33 interrogatories and rule 34 production of document requests as "discovery requests", holding that the Court may hold that untimely objections are not waived where the delay is not substantial or good cause is shown for not making timely objections, citing *Blumenthal v. Drudge, 186 F.R.D. at 240* (plaintiffs did not demonstrate good cause for failing to timely object, but court allowed objections **where the responses were only five or nine days**) and *Burlington Ins. Co. v. Okie Dokie, Inc., 368 F.Supp.2d 83 (D.D.C. 2005)*(court held that objections were not waived **where responses were served nine days late**).

> See also *Horacek v. Wilson*, 2008 U.S. Dist. LEXIS 45469 (E.D. Mich.), where the court also lumped rule 33 and 34 discovery requests together: "Before finding any waiver, the Court must "examine the circumstances of each case to determine whether enforcement of the waiver is equitable, including the reason for tardy compliance, prejudice to the opposing party and the facial propriety of the discovery requests." *Gonzalez*, 2008 U.S. Dist. LEXIS 23207, [WL] at *1 "

The government's cite to *999 v. C.I.T Corp*, 776 F.2d 866 (9th Cir. 1995) is misplaced. In that case, CIT moved for withdrawal of an admission IN THE MIDDLE OF TRIAL.
> Had CIT made this argument while moving for withdrawal of the admission before trial, it would have been more persuasive. Instead CIT's motion was not made until the middle of the trial when 999 had nearly rested its case. Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw or amend an admission. *See Brook Village North Associates v. General Electric Co., 686 F.2d 66, 70-73 (1st Cir. 1982)*.

776 F.2d 866 at 869

"Because requests for admissions have a binding effect on the parties, *see Fed. R. Civ. P. 36(b)*, the provision for withdrawal or amendment specifically provides parties with a potential safe harbor." by allowing a district court "to exercise its discretion to grant relief from an admission made under *Rule 36(a)* only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." See *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007). More importantly to us,

> Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those

that can be. *Id.* advisory committee note. The rule is **not** to be used in an effort to "harass the other side" or **in the hope that a party's adversary will simply concede essential elements**. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002). Rather, the rule seeks to serve two important goals: **truthseeking in litigation and efficiency in dispensing justice**. *See* Fed. R. Civ. P. 36(b) advisory committee note. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions. *Id*. at 622.

Withdrawals and amendments this early on clearly cannot be said to prejudice the governement at trial which is so far away. Compare e.g. to *Perez, 297 F.3d at 1268* (concluding that no prejudice would result because the nonmoving party had been conducting discovery throughout the discovery period, the motion was made only six days after the deadline, and withdrawal would not create a "sudden need" to gather evidence); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) (holding that there was no prejudice when the trial date would not be delayed); *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000) (holding categorically that preparing a summary judgment motion by relying on admissions does not constitute prejudice).

16.  Prior to the meet and confer with AUSA Countryman on 23 July 2008, Mr. Burch and I had another extensive discussion as to that meeting. In that discussion, we again reviewed the existing statutory and case law regarding the alleged waiver issue. We decided that, if AUSA Countryman continued to take the position that all requests for admissions proffered by the government have been admitted and that any and all objections to interrogatories and requests for admissions were waived, then there was no necessity to meet and confer on any other issue, since it would be meaningless to discuss the merits of any response if the government's absolute position was that all objections had been waived. Instead, we would be required to seek, by noticed motion with this Court, any relief from the government's claimed waiver.

17.  As set forth in the Declaration of Edward Burch, at that meet and confer meeting of 23 July 2004, AUSA Countryman continued to refuse to accept as timely Claimant's discovery responses and continued to claim that all requests for admissions proffered by the government have been admitted and that any and all objections to interrogatories and requests for admissions

-7-

were waived.  As instructed by me, Mr. Burch did not have any substantial discussion of any other issue with AUSA Countryman.

18. Following that meet and confer meeting, and pursuant to this court's Standing Order re Discovery and Dispute Procedures, Order No. 3,  I drafted a Joint Letter re Discovery Dispute on 24 July 2008 and immediately faxed the same to AUSA Countryman for his signature. **Exhibit H**, Letter and Fax Cover Sheet of 24 July 2008.

19. AUSA Countryman has failed to sign said Joint Letter re Discovery Dispute and has deliberately failed to disclose that letter to this Court in his 25 July 2008 Statement re Failure to Meet and Confer, thus further depriving this Court of a comprehensive perspective of the events that have transpired in these proceedings.

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge.  Executed on 28 July 2008 in San Francisco, CA.

S/DAVID M. MICHAEL
DAVID M. MICHAEL
Attorney for Claimant McVey

-8-

**CERTIFICATE OF SERVICE**

I hereby certify that, on 29 July 2008, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

DAVID B. COUNTRYMAN
Office of the United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
david.countryman@usdoj.gov

                                      S/DAVID M. MICHAEL
                                      DAVID M. MICHAEL
                                      Attorney for Claimant McVey