DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
LAW OFFICES OF DAVID M. MICHAEL
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone:   (415) 946-8996
Facsimile:    (877) 538-6220
E-mail:        dmmp5@aol.com

DIANA T. FRAPPIER, CSBN 184048
344 40th Street
Oakland, CA 94609
Telephone:   (510) 428-3939
Facsimile:    (415) 233-4477
E-mail:        esqdiana@comcast.net

Attorneys for Claimant
USTANO K. McVEY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br><br>APPROXIMATELY $52,000.00<br>IN UNITED STATES CURRENCY, and<br><br>APPROXIMATELY $39,000.00<br>IN UNITED STATES CURRENCY,<br><br>    Defendant.<br>_____/<br>USTANO K. McVEY,<br>    Claimant.<br>_____/ | **No. C 07 5459 MEJ**<br><br>**DECLARATION OF EDWARD BURCH RE STATUS CONFERENCE ON MEET AND CONFER**<br><br>Date: 31 July 2008<br>Time: 10:00 A.M.<br><br>Courtroom B, 15th Floor |

I, Edward M. Burch, declare as follows:

1. I am an attorney at law and am duly licensed to practice before this court. I am also duly licensed to practice before the United States Court of Appeals for the Ninth Circuit.

2. During my practice of law, I have never been subject to any disciplinary proceedings of any kind before any court, state of federal.

3. I am employed by the Law Offices of David M. Michael. I am currently, and have for the past ten months been, working closely and consistently with David Michael on a number of cases, representing various clients. I am an attorney in the above-captioned case.

4. On 27 June 2008, I called Assistant United States Attorney ("AUSA") David Countryman to follow up a letter that Mr. Michael had faxed on the evening prior regarding a request for an extension of time to complete discovery responses. The purpose and content of my conversation with AUSA Countryman was to personally explain why we had not yet served Claimant's discovery responses, to assure him that we would get those responses to him in the next couple of days (and as soon as possible), and to confirm that he indeed would allow Claimant an additional few days to provide discovery responses. Then, and continually thereafter, AUSA Countryman refused, and continues to refuse, to agree to the extension of time requested and has claimed, since that date, that all requests for admissions proffered by the government are now admitted and that any and all objections to interrogatories and requests for admissions are waived.

5. On 3 July 2008, through close correspondence with my Client and my co-attorneys on this case, I completed and served Claimant's responses to the government's request for admissions and interrogatories, raising, where appropriate, objections and denials to said requests.

6. In early July of 2008, Mr. Michael, in light of AUSA Countryman's position regarding the untimeliness of Claimant's discovery responses, asked me to research the issue of waiving objections to discovery requests and the issue of untimely responses to requests for admissions

being deemed waived under the Federal Rules of Civil Procedure and applicable case law.  The results of my research are included in DECLARATION OF DAVID MICHAEL RE STATUS CONFERENCE ON MEET AND CONFER.

7. After completing said research, per Mr. Michael's request, I again called AUSA Countryman to request that he accept our responses to his discovery requests as timely. On or about the week of 7 July 2008, I spoke with AUSA Countryman on the telephone. AUSA Countryman attempted to engage in discussion regarding specific and individual discovery responses - and a myriad of related issues, but I reiterated our original request that AUSA Countryman agree to accept our discovery responses, as served. I alluded to the fact that even a brief look into discovery waiver jurisprudence reveals that the 30-day time limits for discovery requests are not to be rigidly construed as per se rules, requiring absolute, harsh and automatic consequences as he suggests. Though he was somewhat equivocal and evasive, I again understood AUSA Countryman to deny our request, and maintain the position that he could not, or would not, accept our responses, as timely served.

8. Prior to the meet and confer with AUSA Countryman on 23 July 2008, Mr. Michael and I had an extensive discussion as to that meeting.  In that discussion, we again reviewed the existing statutory and case law regarding the alleged waiver issue. We decided that, if AUSA Countryman continued to take the position that all requests for admissions proffered by the government have been admitted and that any and all objections to interrogatories and requests for admissions were waived, then there was no necessity to meet and confer on any other issue, since it would be meaningless to discuss the merits of any response if the government's absolute position was that all objections had been waived.  Instead, we would be required to seek, by

noticed motion with this Court, any relief from the government's claimed waiver. Therefore, Mr. Michael instructed me to avoid substantive discussion of any other issue.

9. At that meet and confer meeting of 23 July 2008, I again attempted to convey to AUSA Countryman that our position, as it has been from the first time that I personally spoke with him was the same: that our office was not willing to waste time and resources discussing individualized and particular responses, objections, their relevancy or significance, if AUSA Countryman continues to take the position that all requests for admissions proffered by the government have been admitted and that any and all objections to interrogatories and requests for admissions have been waived, which, in effect, automatically prove the central elements of his case through the requests for admissions.

10. In that meet and confer, I alluded to Request for Admission No. 42 requesting that Claimant "[a]dmit that defendant $39,000 is money that was furnished, or intended to be furnished, for a controlled substance." AUSA Countryman agreed that admitting such a request essentially concedes the entire case to the United States and makes discovery unnecessary; however, AUSA Countryman maintained, rather equivocally, that he considers our responses to his discovery requests untimely served.

11. I did my best to steer clear of discussing individual interrogatories, but AUSA Countryman was very insistent and attempted to engage in a conversation regarding certain interrogatories, to which he believed Claimant was non-responsive. Additionally, he argued that more discovery responses were necessary for him to litigate our pending motion to suppress. He requested, and was denied additional time to draft his reply to that motion to suppress because I didn't understand his position in that regard since the discovery responses were irrelevant to the motion to suppress.

12. I then again reminded Mr. Countryman that there was no point in discussing particular interrogatories in lieu of his position regarding his alleged untimeliness of our discovery responses.

13. AUSA Countryman appeared to be ignorant of the case law regarding waiver and timeliness of responses and asked why I thought our objections were not waived and his requests for admissions were not deemed admitted. I cited no case law, but I explained that I had researched the issue, including the relevant cases, and that the 30 day time limit rule for all discovery requests - rule 33 interrogatories and rule 34 requests for production of documents, and requests for admissions - were not rigid and per se end-alls. I briefly explained, based on the research memo that I had prepared for Mr. Michael that the delay here was so minimal and non-prejudicial that a court would not likely hold that we had waived objections and admitted essential elements of our case. See *Fifty-six Hope Road Music v. Mayah Collections, 2007 U.S. Dist. LEXIS 43012 (D.Nev. 2007)*. ("untimely objections are not waived where the delay is not substantial or good cause is shown for not making timely objections."). I also mentioned that I thought that the spirit of the discovery rules was violated when an advocate used discovery tools as tactical weapons in litigation. *See Burlington Northern and Santa Fe Railway Co. v. District Court, 408 F.3d* 1142, 1148-9 (9th Cir. 2005) (citing to Rule 26(f) advisory committee's note (1983 Amendment)); See also *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (requests for admissions should not be used "to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements."). Mr. Countryman questioned all of my assertions in this regard but appeared to have no knowledge himself as to the case law regarding waiver and timeliness of responses and asked if I could name specific cases. I told him that I had

researched the issue but I did not name cases off the top of my head. AUSA Countryman then dropped the subject.

13. Mr. Countryman then requested that I work on a joint letter regarding why we could not successfully meet and confer, using a draft that Mr. Countryman had earlier prepared. However, Mr. Countryman cautioned that he was unwilling to spend time working on editing his draft if I would not immediately sign the letter after my suggestions for edits had been included in the draft. I refused to sign any document regarding this case without both of my co-counsel having at least read it first. So I took a five-minute recess of the meeting so that I could call co-counsel.

14. AUSA Countryman was gone longer than the length of my phone conversation so I pulled out my lap top computer and opened the above-mentioned memo that I had drafted for Mr. Michael. However, AUSA Countryman never returned to the subject of the 30-day time limits for discovery responses.

15. Upon AUSA Countryman's return, he continued to attempt to obtain my signature on a joint letter. I realized that the letter he proposed contained significant and lengthy discussion of particular interrogatories, which Claimant's counsel was not willing to discuss in the face of AUSA Countryman's position that Claimant's discovery responses were untimely. Because of my insistence on this position, AUSA Countryman and I determined that we were at a standstill and the meeting should be adjourned.

16. I spoke with AUSA Countryman again later that day, on the telephone. He claimed that we had not met and conferred regarding discovery disputes because I refused to discuss Claimant's responses to specific interrogatories. I expressed my position that I believe we had met and conferred in person because we did discuss discovery disputes and issues, and came to

the conclusion that AUSA Countryman was of the position that all requests for admissions proffered by the government have been admitted and that any and all objections to interrogatories and requests for admissions have been waived. The conversation was concluded.

17. Following that meet and confer, I met with David Michael the next day and we drafted a Joint Letter re Discovery Disputes, reflecting the issues which were discussed at the meet and confer the previous day.

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge. Executed on 29 July 2008 in San Francisco, CA.

                                                S/EDWARD M. BURCH
                                                EDWARD M. BURCH
                                                Attorney for Claimant McVey

### CERTIFICATE OF SERVICE

I hereby certify that, on 29 July 2008, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

DAVID B. COUNTRYMAN
Office of the United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
david.countryman@usdoj.gov

                                                S/DAVID M. MICHAEL
                                                DAVID M. MICHAEL
                                                Attorney for Claimant McVey