JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile:   415.436.6748
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>1.  APPROXIMATELY $52,000 IN UNITED STATES CURRENCY, AND<br><br>2. APPROXIMATELY $39,000 IN UNITED STATES CURRENCY,<br><br>                Defendants. | No.  C 07-5459 MEJ<br><br>JOINT STATEMENT RE: DISCOVERY DISPUTES |

       Pursuant to the order of the Court, the parties hereby submit the following as a joint statement representing the existing and outstanding discovery disputes in the above matter.

       1. Counsel for Plaintiff and Claimant met and conferred, on 4 August 2008, to discuss Plaintiff's discovery requests and Claimant's responses in the above captioned case. The discussions focused on the meaning of the interrogatories and what Plaintiff could expect from Claimant's further responses, due on or before Friday, August 8, 2008. Should Claimant not provide the supplemental information, agreed upon at the meet-and-confer, by Friday, August 8, 2008, Plaintiff believes that there may be a dispute.

1   2. The parties dispute whether Plaintiff is entitled to information representing/accounting for all of Claimant's employment income from January 2007 until May 22, 2007 that did not constitute or contribute to any part of the defendant $39,000 in U.S. Currency. Claimant's position is that a request for such information is overbroad and outside the permissible scope of discovery in this case. Plaintiff's position is that Claimant's recent income and bank information are relevant to Claimant's assertion that the defendant currency was legitimately earned. Plaintiff believes that by limiting the scope to the five months prior to seizure, providing this information is not overly burdensome.

3. The parties dispute whether Claimant must waive or withdraw particular objections in order to provide further or additional responses to Plaintiff's Interrogatories. Claimant's position is that Claimant reserves the right to object to and argue that information, already provided, and information that will be provided, was, or will be, provided without waiving any of his objections. objections in order to properly or appropriately respond to Plaintiff's Interrogatories. Plaintiff believes that the objections as to scope and burden were resolved by limiting the time period to the five months before the seizure. Plaintiff is unaware as to any remaining issues as to ambiguity or unintelligibility. Plaintiff requests that these objections be withdrawn.

4. Claimant has agreed to provide a supplemental response to Interrogatory No. 2. Claimant understands that the supplemental response will include the names and contact information of people with whom Claimant has worked. Claimant believes that this will account for a significant portion of the defendant $39,000 currency. Plaintiff's position is that Claimant should produce the names and contact information of people who can account for all of the defendant $39,000.

//
//
//
//
//
//

5. The parties disagree about whether Claimant's response to Interrogatory No. 1 provides sufficient explanation. Claimant believes the response is sufficient. Plaintiff believes that it should include when and how much each artist or venue paid claimant. Claimant believes that this information may be provided in response to other interrogatories.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


/S/_____
DAVID B. COUNTRYMAN
Assistant United States Attorney



/S/_____
DAVID M. MICHAEL
Attorney for Claimant Ustano McVey

Attachments (Plaintiff's Interrogatories and Claimant's Responses)