JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7303
    Facsimile: (415) 436-6748
    email:    david.countryman@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>             Plaintiff, <br>     v. <br><br> 1. APPROXIMATELY $52,000 IN UNITED STATES CURRENCY, AND <br><br> 2. APPROXIMATELY $39,000 IN UNITED STATES CURRENCY, <br><br>             Defendants. | No. C 07-5459 MEJ <br><br> PLAINTIFF'S FIRST SET OF INTERROGATORIES |

PROPOUNDING PARTY:    Plaintiff United States of America

RESPONDING PARTY:    Claimant Ustano K. McVey

SET NUMBER:    One

    Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, plaintiff United States of America requests claimant, Ustano K. McVey, to answer each of the following interrogatories separately, in writing and under oath and to produce the requested documents, all within 30 days,

at the Office of the United States Attorney, 9th Floor, 450 Golden Gate Avenue, San Francisco, California.[1]

# I. INSTRUCTIONS AND DEFINITIONS

## A. Instructions for Answering Interrogatories

1. In answering these interrogatories, please furnish all information available to you, including information in the possession of your attorney(s) or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying why you are unable to answer the remainder, describing the efforts you have made to answer, and stating whatever information or knowledge you have concerning the unanswered portions.

2. When your answer to any interrogatory is based in whole or in part upon information supplied by a person other than yourself, please specifically so state as part of your answer to that interrogatory and identify that person's name, address, and employment or other relationship to you.

3. When your answer to any interrogatory is based in whole or in part upon any document, as defined above, or other tangible thing, please specifically so state as part of your answer to that interrogatory and identify the document or tangible thing.

4. When any interrogatory contains a term included in the words defined below in the subpart B, "Definitions," give to that term the meaning set forth for that term.

5. These interrogatories shall be deemed to be continuing to the extent set forth in Rule 26(e), Federal Rules of Civil Procedure. In the event information not provided in the original answers to these interrogatories, which information is of a type referred to in Rule 26(e)(1) or (2), Federal Rules of Civil Procedure, becomes personally known to claimant McVey, or available to

---

[1] The format for claimants' response is dictated by Civil L.R. 33-1 and 34-1 which require that the responding party set forth the complete text of the interrogatory or request for documents prior to stating that party's response.

them through their attorney or other agent(s), a supplemental answer in writing and under oath setting forth that additional information is to be served upon plaintiff's undersigned attorneys within ten (10) days from the time such information becomes known.

    6. If you object to any interrogatory or request for production on the ground that it is oppressive or burdensome, please state:

        a. How many hours it would take to compile the information necessary to answer it;

        b. How many documents or files would have to be searched;

        c. Where those documents or files are located;

        d. How much it would cost to answer the interrogatory or produce the documents.

    7. If you object to any interrogatory or request for production on the basis of privilege, please comply with the requirements in Rule 26(b)(5). State separately state for each such objection the statutory or other basis of the claim of privilege as well as your reasons for believing that the alleged justification is applicable. In addition, describe generally the subject matter of the document and identify each person who has ever had possession, custody, or control of the document or any copy thereof. If the basis the claim is that the document is protected by the work product doctrine, identify the proceeding for which the document was prepared.

    8. If you lack the information necessary to answer any of the interrogatories or provide documents, please describe the specific efforts made by you or anyone on your behalf to ascertain the information and state as definitively as possible when you anticipate obtaining the information and supplementing your response.

## B. Definitions

    9. The term "document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, medical records, printouts, computerized data, email, letters, purchase orders, invoices, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures and any electronic, carbon or photographic copies of any such material if you do not have custody or control of the original.

10. Where an interrogatory requests you to "identify" a document, the term "identify" shall be construed as a Rule 34 request for production and the document so requested should be attached to your answers to these interrogatories. Documents which are produced need not be otherwise identified. If you do not produce the requested documents, however, then the term "identify" means that you are to state the following information about each and every responsive document:

    a. The date of the document and the type of document, *e.g.*, letter, memorandum, note;

    b. The name, present business address and position of its author or authors or, if the present business address or position is unknown, state the person's last known business, address and position;

    c. The name, present or last known business address and position of its addressee and all other recipients of the document;

    d. A general description of the subject of the document.

11. If any document requested to be "identified" or produced was, but is no longer in your possession or control or is no longer in existence, state whether it is:

    a. Missing or lost;

    b. Destroyed;

    c. Transferred voluntarily or involuntarily to others and, is so, to whom, and at what address; or

    d. Otherwise disposed of and, if so, how it was disposed of.

In each such instance explain the circumstances surrounding an authorization for such disposition of the document and state the proximate date of such disposition.

12. A document or oral communication "refers" or "relates" to a certain subject or thing if it discusses, mentions, describes, refers to, relates to, explains, embodies or pertains to that subject or thing.

13. The term "person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

14. The term "identify" or "identity" when used in connection with a person means that you should state the following information about the "person":

    a. name;

    b. present or last known address;

    c. telephone number;

15. The term "identify" or "identity" when used in connection with a person which is a legal entity – such as a corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity – means that you should state the following information about the "person":

    a. name,

    b. present or last known address;

    c. telephone number;

16. The term "you" or "your" when used in this document refers to claimant in this action, Ustano McVey.

## II. INTERROGATORIES

**Interrogatory No. 1:** Describe the circumstances of how you acquired your alleged interest in defendant $39,000?

**Interrogatory No. 2:** Identify each and every person who has knowledge of the facts stated in response to Interrogatory No. 2.

**Interrogatory No. 3:** For each and every job or other employment (including self-employment or criminal activities) that you have had since January 1, 2002, identify each employer.

**Interrogatory No. 4:** For each employer (including self-employment or criminal activities) listed in response to Interrogatory No. 3, state all of your job titles or positions. If you did not have a formal title or position, list your job duties or responsibilities.

**Interrogatory No. 5:** For each job or position (including self-employment or criminal activities) listed in response to Interrogatory No. 4, list the dates you received income from that job or position.

**Interrogatory No. 6:** For each job or position (including self-employment or criminal activities) listed in response to Interrogatory No. 4, state the wages or salary that you received from each on whatever periodic basis was used to pay you (e.g. hourly, weekly, bimonthly,

yearly).

**Interrogatory No. 7:** For each job or position (including self-employment or criminal activities) listed in response to Interrogatory No. 4, identify all coworkers (including supervisors) with knowledge of your hours, responsibilities, or pay.

**Interrogatory No. 8:** Identify each and every source from which you have received a total of at least $1,000 since January 1, 2002 (e.g. John Smith; 123 Main Street, San Francisco, CA; (415) 555-1234), including but limited to gifts, bequests, inheritance, gambling winnings, prizes, judgements, settlements, royalties, monies in trust, interest income, rental income, loans, proceeds from illegal activities, lines of credit, sale of property (real, personal, or intellectual), or insurance payments.

**Interrogatory No. 9:** For each source of money listed in response to Interrogatory No. 8, list each and every time (i.e. day, month, year) you received money from that source.

**Interrogatory No. 10:** For each time you received money listed in response to Interrogatory No. 8, state the amount of money you received on that occasion.

**Interrogatory No. 11:** For each time you received money listed in response to Interrogatory No. 8, describe why you received that money (e.g. monthly rental income from 123 Main Street, San Francisco, CA).

**Interrogatory No. 12:** If your interest in any of defendant $39,000 includes any proceeds from the sale of property (real, personal, or intellectual), describe the circumstances of how you first acquired your alleged interest in the property that was sold.

**Interrogatory No. 13:** If your interest in any of defendant $39,000 includes any proceeds from the sale of property (real, personal, or intellectual), identify each and every person who has knowledge of how you first acquired an interest in the property you sold.

**Interrogatory No. 14:** Identify any and all artists you were trying to sign on your trip to Atlanta.

**Interrogatory No. 15:** Identify by account number, account holder, branch address, and institution name, any and all bank accounts and other accounts, including but not limited to, safe deposit boxes, mutual funds, savings accounts, IRAs, NOW accounts, Treasury bills, loans,

1  mortgages, stocks, bonds, commodities, stock options, trust funds, in which you have or had any
2  interest, or for which you have or had control and access at any time since 2002.
3     **Interrogatory No. 16:** For each account listed in response to Interrogatory No. 15, please list
4  the current balance or the current value of that account.

                              *   *   *   *   *

Dated: May 13, 2008                    JOSEPH P. RUSSONIELLO
                                       United States Attorney

                                       _____
                                       DAVID B. COUNTRYMAN
                                       Assistant United States Attorney

PLAINTIFF'S FIRST SET OF INTERROGATORIES
C 07-5459 MEJ                                                                              7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of

- Plaintiff's First Set of Interrogatories

to be served this date via United States first class mail delivery upon the person(s) below at the place(s) and address(es) which is the last known address(es):

David Michael, Esq
101 California Street, Suite 2450
San Francisco, CA 94111

Diana Frappier
344 40th Street
Oakland, CA 94609

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this __13th__ day of May, 2008, at San Francisco, California.

_____
CAROLYN JUSAY
Legal Assistant
Asset Forfeiture Unit